# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>L. ATCHUE, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　／ | CASE NO. 1:01-CV-6396-REC-SMS-P<br><br>ORDER DIRECTING UNITED STATES MARSHAL TO RE-ATTEMPT SERVICE ON DEFENDANTS SHILAY, VAUGHN, AND CRAMER WITHOUT PREPAYMENT OF COSTS |

Plaintiff Robert Lee Robins, Jr. ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 10, 2005, the court directed the United States Marshal to initiate service of process on twenty-one defendants. (Doc. 34.) The Marshal was unable to locate five of the defendants. (Docs. 43, 44.)

The court and the Marshal have a statutory duty to service process on plaintiff's behalf, and with respect to three of the five defendants, the responses given to the Marshal to date by the CDC are insufficient to allow the court to discharge this duty on the ground that those defendants cannot be located. 28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c)(2). With respect to defendant Vaughn, the Marshal's Office was informed that he retired to Hot Springs Village, Arkansas, but his complete address was apparently not provided. The Marshal's Office was informed that defendants Shilay and Cramer could not be located. The Marshal may have been unable to locate Shilay because his last name was misspelled as Shiley by plaintiff. It is unclear why Cramer could not be located. Absent information that there is no current address available for Cramer, the vague statement that he cannot be located is insufficient to discharge the Marshal from effecting service. The court must direct the

1  Marshal to re-attempt service on defendants Vaugh, Shilay, and Cramer. The court will provide the
2  Marshal with a record bearing defendants' names, in the event that the record can assist CDC
3  personnel. **If the institution is unable to locate these defendants, the Marshal shall contact the**
4  **Legal Affairs Division and request the assistance of a special investigator.**
5      Accordingly, IT IS HEREBY ORDERED that:
6  1.  The Clerk of the Court is directed to forward the following documents to the United
7      States Marshal:
8      (1)  One completed and issued summons for <u>each</u> defendant to be served;
9      (2)  One completed USM-285 form for <u>each</u> defendant to be served;
10     (3)  One copy of the second amended complaint filed on August 4, 2003 for <u>each</u>
11          defendant to be served, plus an extra copy for the Marshal;
12     (4)  One copy of this order for <u>each</u> defendant to be served, plus an extra copy for
13          the Marshal; and
14     (5)  One copy of the court's consent form for <u>each</u> defendant to be served;
15 2.  Within ten days from the date of this order, the United States Marshal is directed to
16     notify the following defendant of the commencement of this action and to request a
17     waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28
18     U.S.C. § 566(c):
19          **TOM E. VAUGHN, CHIEF DEPUTY WARDEN**[1]
20          **C. SHILAY, ASSOCIATE WARDEN**
21          **P. CRAMER, SERGEANT**[2]
22 3.  The U.S. Marshal is directed to retain the summons and a copy of the second
23     amended complaint in their file for future use.
24 4.  The United States Marshal shall file the returned waiver of service, or the request for
25     waiver if it is returned as undelivered, as soon as it is received.

---

[1] Apparently retired.

[2] Apparently retired.

5. **In attempting to locate defendants, if the institution is unable to provide assistance, the Marshal shall contact the Legal Affairs Division in Sacramento and request the assistance of a special investigator.**

6. If a waiver of service is not returned by a defendant within sixty days of the date of mailing the request for waiver, the United States Marshal shall:

    a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the California Department of Corrections (CDC) to execute this order. The United States Marshal shall maintain the confidentiality of all information provided by the CDC pursuant to this order.

    b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

7. In the event that any defendants make an appearance in this action by filing an answer, dispositive motion, or other pleading, the U.S. Marshals Service need not personally serve those defendants.

///
///
///
///
///

8. In the event that defendants either waive service or are personally served, defendants are required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

**Dated:   December 1, 2005**                                    **/s/ Sandra M. Snyder**
i0d3h8                                                                  UNITED STATES MAGISTRATE JUDGE