# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR., | CASE NO. 1:01-CV-6396-REC-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART, AND PLAINTIFF'S MOTION FOR SANCTIONS BE DENIED |
| v. | |
| L. ATCHUE, et al., | |
| Defendants. | (Docs. 80 and 84) |

I.  Findings and Recommendations

   A.  Defendants' Motion to Dismiss Certain Claims For Failure to Exhaust

       1.  Procedural History

Plaintiff Robert Lee Robins, Jr. ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint, filed August 4, 2003, against defendants Atchue, Ritchie, DeLuna, Sullivan, Winett, Todd, Vaughn, Shilay, Whitlach, Schmidt, Chapman, Grounds, Craven, Cramer, Dam, and Eskardari for retaliation; against defendants Atchue, Ritchie, and White for excessive force; against defendant De Luna for denial of medical treatment; and against defendants Atchue, Jelleschitz, Johnson, and Cramer for violation of the Fourth and Fourteenth Amendments based on the strip searches.[1] (Docs. 29, 30.) On November 30, 2005, pursuant to the unenumerated

---

[1] On April 19, 2005, plaintiff's Eighth Amendment strip search claims, conspiracy claims, verbal abuse/harassment claims, due process claims, equal protection claims, and Eighth Amendment exercise claim were dismissed from this action, with prejudice, for failure to state any claims upon which relief may be granted, and defendants Carey and Tyson were dismissed from this action, with prejudice, based on plaintiff's failure to state any

portion of Federal Rule of Civil Procedure 12(b), defendants Atchue, Chapman, Craven, Dam, DeLuna, Eskandari, Grounds, Jelleschitz, Johnson, Ritchie, Schmidt, Sullivan, Todd, White, Whitlach, and Winett ("defendants") filed a motion to dismiss for failure to exhaust the available administrative remedies. (Doc. 80.) Plaintiff filed an opposition on December 27, 2005, and defendants filed a reply on January 12, 2006.[2] (Docs. 83, 84, 88.). On March 1, 2006, defendants Vaughn and Shilay-Stromberg filed a notice of joinder in the motion to dismiss. (Doc. 91.)

2.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Based on the general principle that summary judgment is on the merits while dismissal of an action for failure to exhaust is not on the merits, the failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject

---

claims upon which relief may be granted against them. (Doc. 30.) On March 7, 2006, defendants Leonard and Crowell were dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 92.) Defendant Cramer remains unserved.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on June 10, 2005. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 33.)

to an unenumerated Rule 12(b) motion rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citations omitted); Fed. R. Civ. P. 12(b). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

### 3. Discussion

#### a. Strip Searches by Defendant Atchue

In his second amended complaint, plaintiff alleges that on April 26, 2000, defendants Atchue, Ritchie, and White conspired to assault and batter plaintiff. Plaintiff alleges that defendants Atchue and Ritchie acted to retaliate against him for a lawsuit plaintiff filed against defendant Atchue, for filing inmate appeals, and for testifying against defendant Ritchie in court. Plaintiff alleges that on April 27, 2000, defendant Atchue called him a nigger, and defendants Atchue and Ritchie assaulted and battered him while defendant White watched. Plaintiff alleges he was stripped twice and the second search was conducted so that defendant Atchue could view plaintiff's genitals and make harassing comments. Plaintiff alleges defendant Atchue filed a false report subjecting plaintiff to a District Attorney's Office referral in retaliation for the suit plaintiff filed.

Defendants move to dismiss the Fourth and Fourteenth Amendment claims against defendant Atchue stemming from the alleged strip searches on the ground that plaintiff did not exhaust. Defendants submit three inmate appeals concerning the events of April 26 and 27, 2000, all exhausted through the Director's level of review, and contend that none of the appeals grieved the alleged strip searches. (Motion, Def. Ex. 2, pp. 24-31, Log. No. CCI 00-1058; Ex. 4, pp. 56-91, Log. No. CCI 00-1453; Ex. 5, pp. 93-106, Log. No. CCI 00-1307.) Plaintiff contends that in sections F and H of log number CCI 00-1453, he clearly raised the issue of strip searches. (Opp., 1:25-26.)

Appeal number 00-1453 grieved a "racial attack" against plaintiff in which defendants Atchue and Ritchie used racial epithets against him. (Def. Ex. 4, pp. 56-91, Section A; Pla. Ex. p. 9, Section A.) In section F, which is utilized to pursue an appeal to the second level of review, plaintiff wrote, "[A]nd later during a strip search sexually harassed petitioner with unwarranted statements because petitioner filed a civil action against her for past misconduct . . . ." (Id.) In

3

1  section H, which is utilized to pursue an appeal to the Director's level of review, plaintiff wrote, "The second level does not address nor disputes that later during a strip search L. Atchue made sexually harassing statements to petitioner in R&R." (Id.)

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2006). Satisfaction of the exhaustion requirement does not require that inmates draft grievances with the precision of an attorney, laying out every fact, identifying every defendant by name, and identifying which constitutional rights were violated by which actions or omissions. However, satisfaction of the exhaustion requirement requires that inmates, in their grievances, place prison personnel on fair notice as to the events that subsequently give rise to suit.

Appeal log number 00-1453 concerns inappropriate racial and harassing statements allegedly made to plaintiff by Atchue, Ritchie, and Taylor. Review of the appeal does not support plaintiff's position that he grieved the strip searches in the appeal. Rather, the mention of the strip search in the two sentences identified by plaintiff is clearly incidental and not the focus of plaintiff's grievance. The grievance involves statements made to plaintiff and one of the harassing statements at issue was allegedly made during a strip search. It is in this context that the strip search is mentioned. The incidental mention of a strip search in the later stages of the pursuit of the appeal does not transform the appeal into one grieving the inappropriate use of strip searches by defendant Atchue. A review of the second and Director's level responses to the appeal confirms that prison officials did not treat this incidental mention as a grievance and address it. (Def. Ex. 4, pp. 56-62.) Accordingly, the court finds that plaintiff failed to exhaust his claims against defendant Atchue stemming from the strip searches and recommends that the claims be dismissed, without prejudice.

///

///

b.     Retaliatory Failure to Provide Medical Care

Plaintiff alleges that defendant DeLuna, a registered nurse, acted with deliberate indifference to plaintiff's medical needs when he denied plaintiff treatment for his injuries on April 27, 2000. Plaintiff alleges that defendant DeLuna denied him medical care and submitted a false report in retaliation for plaintiff's use of the grievance system and legal system.

Defendants move for dismissal of the retaliation claim against defendant DeLuna on the ground that plaintiff did not exhaust. Defendants submit a copy of the appeal plaintiff exhausted concerning the failure of DeLuna to provide plaintiff with medical care, and contend that the appeal did not state that defendant acted in retaliation against plaintiff. (Def. Ex. 2, pp. 24-31, Log. No. CCI 00-1058.) Plaintiff contends that in appeal log number CCI 00-1307, he used the words "[t]he retaliatory conduct," and that defendant DeLuna refused to provide him with medical care and was a knowing participant in the retaliatory acts. (Opp., 2:6-9; Ex., p. 11.)

Appeal log number 00-1058, cited to by defendants, grieved the failure of defendant DeLuna to provide plaintiff with medical care. The appeal is devoid of any claim that defendant DeLuna acted to retaliate against plaintiff. Appeal log number 00-1307, cited to by plaintiff, did not grieve defendant DeLuna's conduct. The appeal grieved the conduct of defendants Atchue, Ritchie, and White. Examination of the appeal does not support plaintiff's contention that it exhausted plaintiff's retaliation claim against defendant DeLuna. Plaintiff's assertion to the contrary is meritless. The court finds that plaintiff failed to exhaust his retaliation claim against defendant DeLuna and recommends that the claim be dismissed from this action, without prejudice.

c.     Retaliatory Assessment of SHU Term

Plaintiff alleges that defendants Sullivan, Winett, Todd, Vaughn, Shiley, Whitlach, Schmidt, Chapman, Grounds, Craven, Cramer, Dam, and Eskardari assessed him a one-year SHU term in retaliation for the grievances and lawsuits he filed. Defendants move for dismissal of this retaliation claim on the ground that plaintiff did not exhaust. Defendants submit three exhausted inmate appeals concerning the events surrounding the imposition of the SHU term, and contend that none of the appeals grieved plaintiff's claim that the SHU term was assessed in retaliation against plaintiff. (Motion, Def. Ex. 1, pp. 2-22, Log. No. CCI 00-2324; Ex. 3, pp. 33-54, Log. No. CCI 00-

5

2108; Ex. 6, pp. 108-117, Log. No. CCI 01-0081.) Plaintiff contends that in appeal log number CCI 00-2108, he wrote, "because he had filed a civil complaint on Correctional Officer L. Atchue," and that the actions taken were unquestionably retaliatory. (Opp., 2:10-13.)

Appeal log number 00-2108, cited to by plaintiff, grieved alleged due process violations. The appeal did not grieve the assessment of the SHU term on the ground that it was imposed to retaliate against plaintiff. Although plaintiff contended in the appeal that he was placed in administrative segregation on the false charge of battery on a peace officer because he filed a civil complaint against defendant Atchue, that sentence does not constitute a grievance of plaintiff's claim that he was later found guilty and assessed a SHU term in retaliation for filing lawsuits and grievances. The court finds that plaintiff did not exhaust the claim that defendants assessed a SHU term against him in retaliation for filing grievances and lawsuits, and the court recommends that the claim be dismissed from this action, without prejudice.

d.   Strip Searches in Administrative Segregation

Plaintiff alleges that while he was in administrative segregation, defendants Jelleschitz, Johnson, and Cramer conducted strip searches, intimidated plaintiff by staring at him, and made sexually harassing comments during the searches. Defendants contend that plaintiff failed to exhaust the administrative remedies against any of the defendants. Defendants contend that although plaintiff filed three appeals concerning strip searches in administrative segregation, he did not exhaust any of the appeals through the Director's level of review. (Def. Ex. 11, pp. 189-193, Log Number CCI 00-1947; Ex. 12, pp. 195-204, Log Number CCI 00-1789; Ex. 13, pp. 204-215, Log Number CCI 00-2784.) Plaintiff contends that appeal log numbers 00-1947 and 00-1789 were partially granted, which exhausted the process. Defendants did not respond to plaintiff's contention concerning this claim in their reply.

Plaintiff filed three appeals concerning the strip searches by female officers in administrative segregation. Although there is no evidence that plaintiff exhausted appeal number 00-2784, both 00-1947 and 00-1789 were partially granted "in the matter of the strip searches being performed by the opposite sex." (Def. Ex. 11, p. 191; Ex. 12, p. 196.) Plaintiff's appeals were denied as to

///

plaintiff's request that employees be reprimanded because the request was outside the scope of plaintiff's authority. (Id.)

Receipt of a Director's level decision is not always a prerequisite to exhaustion. Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005). In a situation such as this where the appeals grieved the claim set forth in the lawsuit and the appeals were granted in part as to the facts underlying the claim, defendants must do more than argue that plaintiff failed to pursue the appeals to the Director's level of review in order to meet their burden as the moving parties. Id. Defendants are required to set forth evidence that after plaintiff's appeals were partially granted at the first level of review, further relief was available via the appeals process, thus necessitating pursuit of the appeal to the next level of review. Id. Accordingly, the court finds that defendants are not entitled to dismissal of the claim against defendants Jelleschitz and Johnson stemming from the strip searches conducted in administrative segregation.

### B. Plaintiff's Motion for Sanctions

In his opposition to defendants' motion to dismiss, plaintiff moves for sanctions on the ground that defendants acted in bad faith by altering or intentionally tampering with section H of appeal log number CCI 00-1453. (Def. Ex. 4, p. 64.) Plaintiff seeks sanctions up to and including judgment against defendants. Defendants opposed plaintiff's motion in their reply.

Plaintiff did not articulate the legal basis for his motion and defendants did not speculate in their opposition. The court has inherent power to sanction parties or their attorneys for improper conduct, Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001), and in light of plaintiff's failure to specify otherwise, the court presumes that it is this power plaintiff seeks to invoke. The imposition of sanctions under the court's inherent authority is discretionary. Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995). The court's "inherent power 'extends to a full range of litigation abuses.'" Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47). However, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994. Although mere recklessness is insufficient to support sanctions under the court's inherent powers,

"recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient. Id. at 993-94. A litigant may be sanctioned for acting for an improper purpose, even if the act was "a truthful statement or non-frivolous argument or objection." Id. at 992. "[I]nherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

Section H is the section inmates must fill out if they seek to pursue their appeal to the Director's level of review. Although this section is blank on the copy submitted to the court by defendants and is filled out in the original submitted to the court by plaintiff, there is no indication that the copy was tampered with or altered. Rather, it appears to be a copy of plaintiff's appeal made before plaintiff filled out section H and submitted the appeal to the Director's level of review. The court notes that defendants did not claim that plaintiff failed to pursue his appeal to the Director's level of review. To the contrary, defendants submitted evidence that the appeal was exhausted through the Director's level of review and included in their exhibits a copy of the Director's level decision. (Motion, 10:9-14; Ex. A, Grannis Dec., ¶9; Ex. B, Whitlach Dec., ¶6; Ex. 4, pp.56-58.)

Plaintiff has submitted no evidence that defendants acted in bad faith or tampered with evidence. As the moving party, plaintiff must do more than point to a discrepancy between his exhibit and defendants' exhibit, and assert it was intentional and he is entitled to sanctions. The court is not inclined to view with favor an attempt by one party to use what appears to be an unintentional mistake or omission by the other as the basis for a motion for sanction based on bad faith conduct. The court would view plaintiff's motion differently if defendants had submitted the incomplete copy and set forth the argument that plaintiff failed to pursue his appeal beyond the second level of review. Defendants did no such thing, however. The court shall recommend that plaintiff's motion for sanctions be denied.

C. Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss for failure to exhaust the available administrative remedies as mandated by 42 U.S.C. § 1997e(a), filed November 30, 2005, be GRANTED IN PART and DENIED IN PART as follows:

    a.    Defendants' motion to dismiss plaintiff's Fourth and Fourteenth Amendment claims against defendant Atchue stemming from the strip searches be GRANTED and the claims be dismissed, without prejudice;

    b.    Defendants' motion to dismiss plaintiff's retaliation claim against defendant DeLuna be GRANTED and the claim be dismissed, without prejudice

    c.    Defendants' motion to dismiss plaintiff's claim against defendants Sullivan, Winett, Todd, Vaughn, Shiley, Whitlach, Schmidt, Chapman, Grounds, Craven, Cramer, Dam, and Eskardari for the retaliatory assessment of a SHU term be GRANTED and the claim be dismissed, without prejudice; and

    d.    Defendants' motion to dismiss the claim against defendants Jelleschitz and Johnson stemming from strip searches conducted in administrative segregation be DENIED, without prejudice; and

2.    Plaintiff's motion for sanctions, filed December 27, 2005, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 9, 2006**              /s/ Sandra M. Snyder
icido3                                                  UNITED STATES MAGISTRATE JUDGE