# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>L. ATCHUE, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:01-CV-06396-AWI-SMS-P<br><br>ORDER REQUIRING DEFENDANT CRAMER TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE AND TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AGAINST HER FOR ACTING IN BAD FAITH, AND SETTING MATTER FOR HEARING (Doc. 108)<br><br>Date:　　　November 7, 2006<br>Time:　　　10:00 a.m.<br>Courtroom:　7 (SMS)<br><br>DEFENDANT CRAMER'S WRITTEN RESPONSE TO THE ORDER TO SHOW CAUSE IS DUE ON OR BEFORE OCTOBER 18, 2006, AND PLAINTIFF'S RESPONSE, IF ANY, IS DUE ON OR BEFORE NOVEMBER 1, 2006 |

　　　　On December 2, 2005, the Court ordered the United States Marshal to serve process upon Defendant Cramer ("Defendant"). (Doc. 81.) The Marshal was directed to attempt to secure a waiver of service before attempting personal service on Defendant. If a waiver of service was not returned by Defendant within sixty days, the Marshal was directed to effect personal service on Defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On August 7, 2006, the United States Marshal filed a return of service with a USM-285 form showing charges of $554.80 for effecting personal service on Defendant. (Doc. 108.) The form shows that a waiver of service form was mailed to Defendant on January 11, 2006, and then forwarded to Defendant's new address on February 24, 2006, but was returned as unclaimed. Defendant was personally served on July 25, 2006, and did not make an appearance in the case before personal service was executed.

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

It appears that Defendant was given the opportunity required by Rule 4(d)(2) to waive service, but failed to comply with the request. Therefore, Defendant shall be required to show good cause for failing to waive service.

Of additional concern to the Court is that it appears Defendant lied to a Deputy United States Marshal on the first personal service attempt made on July 11, 2006, causing the Marshals to make a second trip to her residence to personally serve her, at which time she apparently admitted to lying and accepted service. The Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the Court's inherent authority is discretionary. Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995). The Court's "inherent power 'extends to a full range of litigation abuses.'" Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47). However, in order to sanction a litigant under the Court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994.

Although mere recklessness is insufficient to support sanctions under the Court's inherent powers, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient. Id. at 993-94.

Lying to a law enforcement officer in an effort to evade service of process is an act the Court takes very seriously. Such conduct is clearly in bad faith. If the Court makes a finding that Defendant acted in bad faith by lying to the Deputy United States Marshals in an attempt to evade service, it is the intention of the Court impose monetary sanctions against Defendant, payable to the Court. By this order, Defendant has been placed on notice of the conduct at issue and of the Court's intent to impose sanctions should it find Defendant acted in bad faith.

This matter shall be set for hearing. Both defendant and her counsel are required to personally appear at the hearing. The Court will arrange for the presence of Deputy United States Marshals Richards and Rodriguez at the hearing. Plaintiff may appear by telephone, and shall call the Court at the number set forth below at the time and on the date of the hearing.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Cramer shall show good cause for failing to waive service and shall show cause why monetary sanctions should not be imposed against her for acting in bad faith;

2. This matter is set for hearing on November 7, 2006, at 10:00 a.m. before the undersigned in Courtroom 7;

3. Defendant Cramer and her attorney shall personally appear at the hearing;

4. Plaintiff shall appear by telephone at the hearing and shall initiate the call to (559) 499-5690;

5. Defendant Cramer's written response to this order to show cause shall be filed on or before October 18, 2006;

6. Plaintiff's response, if any, shall be filed on or before November 1, 2006; and

///

---

[1] Plaintiff is no longer in custody.

7. The Clerk's Office shall serve a copy of this order on Deputy United States Marshals Richards and Rodriguez with the Fresno Division of the United States Marshals Service.

IT IS SO ORDERED.

**Dated:     September 21, 2006              /s/ Sandra M. Snyder**
icido3                             UNITED STATES MAGISTRATE JUDGE