# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>L. ATCHUE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:01-CV-06396-AWI-SMS P<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY COST OF PERSONAL SERVICE SHOULD NOT BE TAXED UNDER RULE 4(D)(2)<br><br>(Doc. 113)<br><br>ORDER FINDING DEFENDANT CRAMER ACTED IN BAD FAITH AND IMPOSING MONETARY SANCTIONS IN THE AMOUNT OF $500.00 ON DEFENDANT CRAMER<br><br>(Doc. 113) |

I.    <u>Order</u>

        This is a civil rights action filed under 42 U.S.C. § 1983 by Robert Lee Robins, Jr., a former state prisoner. The action is proceeding on plaintiff's second amended complaint, filed August 4, 2003. Following screening by the Court and a motion to dismiss for failure to exhaust by defendants, this action is proceeding against defendants Atchue and Ritchie for retaliation; against defendants Atchue, Ritchie, and White for excessive force; against defendant De Luna for denial of medical treatment; and against defendants Jelleschitz, Johnson, and Cramer for violation of the Fourth and Fourteenth Amendments based on the strip searches.

        Plaintiff Robins is proceeding in forma pauperis in this action and the Court is required to appoint the United States Marshal to effect service in such cases. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). On June 10, 2005, the Court issued an order directing the Marshal to initiate service of

plaintiff's second amended complaint on defendants. On December 2, 2005, the Court issued a second order directing Marshal to initiate service on three defendants, including Cramer. On August 7, 2006, the Marshal returned the USM-285 form and summons for Cramer to the Court, documenting the following events:

| | |
|---|---|
| January 11, 2006: | waiver mailed to Cramer at the California Correctional Institution (CCI) in Tehachapi |
| February 24, 2006: | per CCI, waiver was forwarded to new address but returned as unclaimed |
| March 17, 2006: | waiver forwarded to new address after obtaining assistance from Legal Affairs Division |
| June 8, 2006: | waiver not returned, case sent to Fresno for personal service |
| July 11, 2006: | DUSM Richards attempts personal service at 320 miles & 3 hours travel time, round trip. Woman at residence states her name is "Debra" and she is renting the house from Pamela Cramer, who lives out of state. "Debra" claims to have no contact information for Cramer. DUSM Richards leaves his business card. |
| July 13, 2006: | After gathering information and photos, Marshals conclude that the woman named "Debra" who answered the door is actually Pamela Cramer. |
| July 25, 2006: | DUSMs Richards and Rodriguez again travel 320 miles/3 hours to Cramer's residence. Marshals initially told by Cramer's significant other that he had never heard of Pamela Cramer. He subsequently admitted Cramer was in the house and brought Marshals to her, where she admitted to lying and accepted process. |

(Court Doc. 108.)

On September 13, 2006, Cramer answered the second amended complaint, and on September 22, 2006, based on the alleged events relating to the Marshals' attempts to personally serve Cramer as set forth in the USM-285 form, the Court issued an order requiring Cramer to show cause and set a hearing to address the following two issues: (1) whether defendant Cramer should be taxed costs under Federal Rule of Civil Procedure 4(d)(2) for failing to waive service, and (2) whether monetary sanctions should be assessed against defendant Cramer under the inherent authority of the Court for lying to the Marshals during their attempts to effect personal service on her.

///

A.  <u>Order to Show Cause Why Costs Should Not be Taxed Against Defendant Cramer under Federal Rule of Civil Procedure 4(d)(2) for Failing to Waive Service</u>

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

Based on the USM-285 form, it appeared Cramer was given the opportunity required by Rule 4(d)(2) to waive service, but failed to comply with the request. Pursuant to the Court's order, Cramer was directed to show good cause for failing to waive service.

In her declaration, Cramer attests she was not living at the address where the waiver was mailed at the time it was mailed, and because her friend who was staying at the address never forwarded the waiver to her, she did not have the opportunity to sign and return the waiver. Based on this declaration, the order to show cause for failing to waive service is discharged and the costs of service not be taxed under Rule 4(d)(2).

B.  <u>Order to Show Cause Why Monetary Sanctions Should Not be Imposed Against Defendant Cramer Under the Court's Inherent Authority for Acting in Bad Faith by Lying to the Marshals During the Attempts to Effect Personal Service</u>

The Court has inherent power to sanction parties or their attorneys for improper conduct. <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 43-46 (1991); <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 766 (1980); <u>Fink v. Gomez</u>, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the Court's inherent authority is discretionary. <u>Air Separation, Inc. v. Underwriters at Lloyd's of London</u>, 45 F.3d 288, 291 (9th Cir. 1995). A court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Chambers</u>, 501 U.S. at 43. Such inherent power "is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function." <u>Id</u>. at 42. "Because inherent powers are

3

shielded from direct democratic controls, they must be exercised with restraint and discretion." Roadway Express, Inc., 447 U.S. at 764.

The Court's "inherent power 'extends to a full range of litigation abuses.'" Fink, 239 F.3d at 992 (quoting Chambers, 501 U.S. at 46-47). However, in order to sanction a litigant under the Court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994. Although mere recklessness is insufficient to support sanctions under the Court's inherent powers, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient. Id. at 993-94. A litigant may be sanctioned for acting for an improper purpose, even if the act was "a truthful statement or non-frivolous argument or objection." Id. at 992.

Pursuant to the Court's order, Cramer was provided with the opportunity to show cause why monetary sanctions should not be assessed against her under the Court's inherent power for acting in bad faith by allegedly lying to the United States Marshals. By the Court's order, Cramer was provided with notice of the form of sanction being considered by the Court and of the bad faith conduct at issue. Cramer submitted a written response to the order on October 17, 2006, and a hearing was held on November 7, 2006, during which Deputy United States Marshals Robin Richards and Gil Rodriguez, and Pamela Carr, aka Pamela Cramer, testified.[1] Cramer was represented at the hearing by her attorney of record, Deputy Attorney General Grant Lien. Pursuant to request by the United States Marshals Service in Washington, D.C., Mark Cullers, Chief Assistant United States Attorney, Fresno Branch, was present during the hearing.

In her declaration, Cramer attests that on July 11, 2006, she was surprised and frightened by the process server, who was wearing plain clothes, did not identify himself as a Marshal, and did not say he was there to serve legal documents. (Doc. 117.) Cramer attests that she was previously traumatized by an inmate assault and has a heightened fear of reprisals from inmates and former inmates, and wanted to protect her privacy and safety. (Id.) Cramer attests she had no intention of evading service and did not look at the Marshal's business card until later. (Id.)

---

[1] Plaintiff did not attend the hearing.

Pursuant to testimony during the hearing and the court record, DUSM Richards drove to Cramer's residence in Tehachapi to personally serve her on July 11, 2006. Cramer denied to DUSM Richards that she was Pamela Cramer. On July 25, 2006, DUSMs Richards and Rodriguez went back to the residence in Tehachapi, after Richards looked at Cramer's license photograph in the Marshals' database and determined that Cramer was the woman he spoke with at the house on July 11, 2006. The windows and the door of the house were open, but the security screen door was shut. Richards and Rodriguez could see through the house, and repeatedly called out who they were and what they were there for. After receiving no answer, Richards and Rodriguez left to get something to eat and returned approximately forty-five minutes later. At that time, the garage door was open and a man was standing there. After initially stating Cramer was not there, the man led them to her in the backyard after being shown the photo of Cramer obtained from the Marshals' database. At that time, Cramer admitted lying about her identity, apologized, and accepted service.

Cramer testified that she had been employed by the California Department of Corrections for ten years and took medical retirement after being assaulted by an inmate in 2002. Prior to July 11, 2006, Cramer's car had been stolen, along with her registration and garage door opener. Cramer testified that due to this combination of factors, she lied to DUSM Richards during his first visit because she did not know who he was and was paranoid.

Lying to a law enforcement officer is an action the Court takes very seriously. Although plaintiff was not prejudiced in the matter, Cramer "'engaged in conduct utterly inconsistent with the orderly administration of justice.'" Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)). In this instance, the Marshals were engaged in official duties at the direction of the Court, and Cramer herself is a sworn peace officer. As Cramer acknowledged during the hearing, she is held to a higher standard as a peace officer. The Court finds credible DUSM Richards' testimony that he identified himself to Cramer and told her why he was there. Cramer evaded service by denying who she was, and although she testified she reviewed his business card on July 11, 2006, at no time between July 11, 2006, and July 25, 2006, did Cramer contact DUSM Richards in an effort to rectify the situation, a factor which is significant to the Court. Had Cramer truly not known what Richards

5

wanted and lied out of fear, she could have and should have contacted him after reviewing his business card, but did not do so.  As a result, the Court finds Cramer's position that she would have accepted service had she known and would not intentionally or knowingly attempt to evade service not to be credible.  The Court finds that Cramer acted in bad faith in lying to DUSM Richards in the course of his official duties as a process server acting on behalf of this Court, and that the imposition of monetary sanctions is appropriate and necessary given the seriousness of the conduct.

Cramer's current sources of income are disability, medical retirement, and workers' compensation, and Cramer has no dependants.  The Court has taken Cramer's income and situation into consideration and determines that monetary sanctions in the amount of $500.00, payable at $50.00 per month for ten months, is appropriate.  The payments shall be made payable to the United States District Court, 2500 Tulare Street, Fresno, California, 93721, and payment is due on or before the 15th of each month, to commence in December of 2006.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The order requiring defendant Cramer to show cause why the cost of personal service should not be taxed against her under Rule 4(d)(2) is DISCHARGED and the cost of service shall not be taxed;

2. Defendant Cramer is assessed monetary sanctions in the amount of $500.00 for acting in bad faith by lying to Deputy United States Marshal Richards;

3. The sanction amount shall be paid to the Court over the course of ten months at $50.00 per month, and is due on or before the 15th of each month, to commence in December of 2006; and

4. The failure to pay the sanction in accordance with this order will result in the imposition of additional sanctions.

IT IS SO ORDERED.

**Dated:   November 7, 2006**              /s/ Sandra M. Snyder

icido3                                                UNITED STATES MAGISTRATE JUDGE