# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR., | CASE NO. 1:01-cv-06396-LJO-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| L. ATCHUE, et al., | (Doc. 123) |
| Defendants. | |

Plaintiff Robert Lee Robins, Jr. ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment on June 7, 2007. Pursuant to the court's order of May 31, 2007, plaintiff was required to file an opposition or a statement of non-opposition to defendants' motion within thirty days from the date of service of this motion. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

1  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
2  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
3  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
4  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
5  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
6  failure to lack of prosecution and failure to comply with local rules).  In determining whether to
7  dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local
8  rules, the court must consider several factors: (1) the public's interest in expeditious resolution of
9  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
10 the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
11 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
12 Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
13       In the instant case, the court finds that the public's interest in expeditiously resolving this
14 litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third
15 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
16 injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air
17 West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of
18 cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.
19 Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal
20 satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;
21 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order requiring plaintiff to file
22 an opposition or a statement of non-opposition expressly stated:  "Plaintiff shall file an opposition
23 or statement of non-opposition to the motion within **thirty (30) days** from the date of service of the
24 motion or this action will be dismissed, with prejudice, for failure to prosecute and failure to obey
25 a court order."   Thus, plaintiff had adequate warning that dismissal would result from his
26 noncompliance with the court's order.
27 ///
28 ///

1     Accordingly, this action is HEREBY DISMISSED, with prejudice, based on plaintiff's failure to obey the court's order of May 31, 2007, and for failure to prosecute.

IT IS SO ORDERED.

**Dated:   July 31, 2007**                              **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE